UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 13-22199

STEVEN W. ALBERT and KIM
ALBERT, as parents and legal guardians
Of AIDEN ALBERT, A MINOR,

       Plaintiffs,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

       Defendant.

_____/

### DEFENDANT, CARNIVAL CORPORATION'S, ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, (hereinafter "CARNIVAL") by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, and files its Answer and Affirmative Defenses to Plaintiff, STEVEN W. ALBERT and KIM ALBERT, as parents and legal guardians of AIDEN ALBERT, a minor's, Claim for damages contained in the Complaint, and states as follows:

### ANSWER

1.     For the purposes of this litigation only, Defendant admits only that this Honorable Court has subject matter jurisdiction over this action pursuant to its admiralty and maritime jurisdiction.  Otherwise, Paragraph 1 is denied, and particularly with regard to the amount in controversy.

2.     With regard to Paragraph 2, Defendant admits that venue is proper in this Honorable Court.

3.      Defendant is without sufficient knowledge to admit or deny, and therefore in abundance of caution, must deny Paragraph 3 at this time.

4.      For the purposes of this litigation only, Defendant admits only that it is subject to the *in personam* jurisdiction of the Court. Otherwise, Paragraph 4 is denied.

5.      For the purposes of this litigation only, Defendant admits only that it may be deemed the owner and operator of the vessel, Carnival Elation.  Otherwise, Paragraph is 5.

6.      With regard to Paragraph 6, Defendant admits only that Plaintiffs were passengers on board Defendant's vessel on the date stated in the complaint.

7.      Paragraph 7 is denied.

Defendant adopts and re-alleges the allegations in paragraphs 1 through 7 and alleges further that:

8.      Paragraph 8 is a statement of law to which a response is not required.  However, to the extent that one is required, Paragraph 8 is denied as worded.

9.      Paragraph 9 is denied.

10.     Paragraph 10 is denied.

11.     Defendant has no objection to Plaintiff's request for jury trial.

12.     The Defendant, CARNIVAL, denies all allegations of the Complaint which are not specifically admitted.

13.     The Defendant, CARNIVAL, denies Plaintiff is entitled to judgment of the relief sought.

14.     Any and all allegations pertaining to any negligence or liability of the Defendant, CARNIVAL, are specifically denied.

WHEREFORE, having fully answered the Complaint, the Defendant, CARNIVAL, demands that the Complaint be **Dismissed with Prejudice** to and at the cost of Plaintiffs, STEVEN W. ALBERT and KIM ALBERT, as parents and legal guardians of AIDEN ALBERT, a minor.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, CARNIVAL CORPORATION states as follows:

## FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, CARNIVAL CORPORATION avers that the negligence, actions and/or misaction of the minor Plaintiff and/or his parents was the sole and proximate cause of any and all injuries or damages as alleged in the Complaint, and as such, the Plaintiff's right to recovery is either barred or shall be reduced pursuant to the doctrine of Comparative Negligence.

## SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, CARNIVAL CORPORATION asserts that the Plaintiff's action is precluded, limited and/or controlled by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that Plaintiff and/or his parents have failed to mitigate his damages, if any, thus precluding or diminishing the Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, the Defendant further affirmatively alleges, without admitting liability, that in the event that the Plaintiff should recover on his claim, this Defendant would be entitled to a set-off, off-set and/or reduction for any and all collateral source benefits either paid or payable to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant alleges that Plaintiff's injuries, if any, were proximately caused by the conduct of Plaintiff's parents and/or third parties not subject to the control, supervision or direction of this Defendant, thereby precluding or diminishing Plaintiff's recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Defendant avers it owed a duty of reasonable care to the Plaintiff herein and that this Defendant complied with and otherwise fulfilled its duty to the Plaintiff and as such, the Plaintiff herein is unable to recover of this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, the Defendant avers that it had no notice, actual, constructive or otherwise of any condition which the Plaintiff alleges was the proximate cause of his damage and as such, the Defendant herein is not liable to the Plaintiff herein based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, the Defendant asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an

open and obvious condition that the Plaintiff and/or his parents did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein.  Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery he obtains herein must be limited to the percentage of aggravation he suffered as a result of this alleged accident.

## TENTH AFFIRMATIVE DEFENSE
## (RELATEDNESS OF INJURY)

For its Tenth Affirmative Defense, the Defendant further affirmatively avers that any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence of this Defendant and any such injuries are unrelated to the incident at issue and as such, the Plaintiff is unable to recover of this Defendant.

Defendant reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

Dated this 6th day of November, 2013.

Respectfully submitted,

Donnise A. DeSouza, Esquire
CARNIVAL CORPORATION
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(305) 406-4838 Direct Phone
(305) 599-2600 Ext. 18024 Assistant's Phone
(305) 406-4732 Telefax
Dedicated Judge's Phone (305) 406-5399
(For Judges only)

By: ____*s/ Donnise A. DeSouza, Esq.*___.
   Donnise A. DeSouza, Esq.
   Fla. Bar No: 879398

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on November 6th, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ____*s/ Donnise A. DeSouza, Esq.*___.
   Donnise A. DeSouza, Esq.
   Fla. Bar No: 879398

## SERVICE LIST

| | |
|---|---|
| STEPHEN FIELD, ESQ.<br>steve@field-law.com<br>Stephen D. Field, PA<br>102 East 49th Street<br>Hialeah, FL 33013<br>Telephone (305) 698-3421<br>Facsimile: (305) 698-1930<br>Counsel for Plaintiff, ALBERT | DONNISE A .DESOUZA, ESQ.<br>ddesouza@carnival.com<br>3655 N.W. 87th Avenue<br>Miami, FL 33178<br>Telephone: (305) 406-4838<br>Facsimile: (305) 406-4732<br>Co-Counsel for Defendant, CARNIVAL |

[Service via CM/ECF Notice of Electronic Filing and via U.S. Mail]